# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00351-STV

JOSEPH MANSOUR,

    Plaintiff,

v.

SILL-TERHAR MOTORS,

    Defendant.
_____

## ORDER TO SHOW CAUSE
_____

Magistrate Judge Scott T. Varholak

    This civil action is before the Court upon Plaintiff's failure to attend the July 9, 2019 Discovery Hearing. [*See* #28] The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [#9, 10]

    Plaintiff, through counsel, filed this lawsuit on February 11, 2019 asserting causes of action against Defendant pursuant to state and federal anti-discrimination laws. [#1] On April 15, 2019, the Court entered a Scheduling Order pursuant to which the parties agreed to make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by March 26, 2019, and the Court set October 25, 2019 as the deadline to complete discovery. [#13 at 4, 7] At the Scheduling Conference, the Court ordered Plaintiff to "supplement his initial disclosures, including Plaintiff's alleged disability and place of employment on or before May 6, 2019." [#12]

On May 31, 2019, counsel for Plaintiff filed a Motion to Withdraw as Counsel for Plaintiff (the "Motion to Withdraw"), citing unspecified "[s]ubstantial and irreconcilable differences of opinion concerning the course and scope of representation." [#16 at 1] According to the Motion to Withdraw, counsel provided notice to Plaintiff of her intent to withdraw and informed Plaintiff that "he will have the burden of keeping the Court informed where notices, pleadings or other papers may be served upon him; and that he will have the obligation to prepare for all court proceedings." [*Id.*] The Motion to Withdraw further represented that, "on several occasions via phone and e-mails," Plaintiff had been informed of the deadline to answer discovery requests served upon Plaintiff by Defendant. [*Id.* at 2] On May 31, 2019, the Court set a hearing on the Motion to Withdraw and ordered Plaintiff to participate in the hearing. [#17] A copy of the Order setting the motion hearing was mailed to Plaintiff at the address provided by Plaintiff's counsel in the Motion to Withdraw. [#17, 18]

Plaintiff failed to appear (in person or telephonically) for the Motion Hearing on June 6, 2019. [#19] During the Motion Hearing, defense counsel informed the Court that Plaintiff had not produced the discovery ordered by the Court at the Scheduling Conference. [*Id.*] The Court granted the Motion to Withdraw and set the matter for a Discovery Hearing, which the Court ordered Plaintiff to attend by telephone. [*Id.* at 2] The Court warned Plaintiff that "if he fail[ed] to participate in the hearing, his failure to participate may lead to a recommendation that this case be dismissed for failure to prosecute" and further reminded Plaintiff "of his duty to comply with discovery obligations, court orders, and all other court obligations regarding litigating this case." [*Id.* (emphasis removed)]

2

On June 20, 2019, the copy of the Court's Order setting the motion hearing on the Motion to Withdraw was returned as undeliverable with a notation on the envelope indicating that Plaintiff no longer works at that address. [#22] The Court obtained an alternative address for Plaintiff and instructed the Clerk of Court to mail a copy of the Order to that alternative address. [#23, 24] On June 25, 2019, the copy of the Minute Entry from the motion hearing on the Motion to Withdraw was returned as undeliverable, and the following day the Clerk of Court mailed a copy of that Minute Entry to the alternative address. [#25, 26] Despite Plaintiff's former counsel's advisement to Plaintiff that he had "the burden of keeping the Court informed where notices, pleadings or other papers may be served upon him" and the requirement in D.C.COLO.LCivR 5.1(c) that an unrepresented party file a notice of any change of name, mailing address, or telephone number with the Court not later than five days after the change, Plaintiff has not filed anything with the Court identifying where he should be served.

The Court convened the Discovery Hearing on July 9, 2019, but Plaintiff did not appear. [#28] Pursaunt to D.C.COLO.LCivR 41.1:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

Accordingly, **IT IS ORDERED** that Plaintiff shall show cause, if any there be, in writing on or before **August 9, 2019**, why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for (1) failure to prosecute, (2) failure to participate in the discovery process and, in particular, to comply with this Court's Order that Plaintiff supplement his initial disclosures by May 6, 2019 [#12], (3)

3

failure to provide an updated address pursuant to D.C.COLO.LCivR 5.1(c), and (4) failure to attend the June 6, 2019 Motion Hearing and the July 9, 2019 Discovery Hearing.

**Plaintiff is specifically advised that failure to comply with this Order and timely show cause on or before August 9, 2019 will result in an Order of dismissal of this action**.

DATED:  July 10, 2019                                             BY THE COURT:

                                                  s/Scott T. Varholak
                                                  United States Magistrate Judge