**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-00351-STV

JOSEPH MANSOUR,

    Plaintiff,

v.

SILL-TERHAR MOTORS,

    Defendant.

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

    This civil action is before the Court upon Plaintiff's failure to respond to this Court's Order to Show Cause why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1, dated July 10, 2019. [#29] Plaintiff's response was due by August 9, 2019. [*See id.*] The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [##9, 10]

    Plaintiff, through counsel, filed this lawsuit on February 11, 2019 asserting causes of action against Defendant pursuant to state and federal anti-discrimination laws. [#1] On April 15, 2019, the Court entered a Scheduling Order pursuant to which the parties agreed to make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by March 26, 2019, and the Court set October 25, 2019 as the deadline to complete discovery. [#13 at 4, 7] At the Scheduling Conference, the Court ordered Plaintiff to

"supplement his initial disclosures, including Plaintiff's alleged disability and place of employment on or before May 6, 2019." [#12]

On May 31, 2019, counsel for Plaintiff filed a Motion to Withdraw as Counsel for Plaintiff (the "Motion to Withdraw"), citing unspecified "[s]ubstantial and irreconcilable differences of opinion concerning the course and scope of representation." [#16 at 1] According to the Motion to Withdraw, counsel provided notice to Plaintiff of her intent to withdraw and informed Plaintiff that "he will have the burden of keeping the Court informed where notices, pleadings or other papers may be served upon him; and that he will have the obligation to prepare for all court proceedings." [*Id.*] The Motion to Withdraw further represented that, "on several occasions via phone and e-mails," Plaintiff had been informed of the deadline to answer discovery requests served upon Plaintiff by Defendant. [*Id.* at 2] On May 31, 2019, the Court set a hearing on the Motion to Withdraw and ordered Plaintiff to participate in the hearing. [#17] A copy of the Order setting the motion hearing was mailed to Plaintiff at the address provided by Plaintiff's counsel in the Motion to Withdraw. [##17, 18]

Plaintiff failed to appear (in person or telephonically) for the Motion Hearing on June 6, 2019. [#19] During the Motion Hearing, defense counsel informed the Court that Plaintiff had not produced the discovery ordered by the Court at the Scheduling Conference. [*Id.*] The Court granted the Motion to Withdraw and set the matter for a Discovery Hearing, which the Court ordered Plaintiff to attend by telephone. [*Id.* at 2] The Court warned Plaintiff that "if he fail[ed] to participate in the hearing, his failure to participate may lead to a recommendation that this case be dismissed for failure to prosecute" and further reminded Plaintiff "of his duty to comply with discovery obligations,

court orders, and all other court obligations regarding litigating this case." [*Id.* (emphasis removed)]

On June 20, 2019, the copy of the Court's Order setting the motion hearing on the Motion to Withdraw was returned as undeliverable with a notation on the envelope indicating that Plaintiff no longer works at that address. [#22] The Court obtained an alternative address for Plaintiff and instructed the Clerk of Court to mail a copy of the Order to that alternative address. [##23-24] On June 25, 2019, the copy of the Minute Entry from the motion hearing on the Motion to Withdraw was returned as undeliverable, and the following day the Clerk of Court mailed a copy of that Minute Entry to the alternative address. [##25-26] Despite Plaintiff's former counsel's advisement to Plaintiff that he had "the burden of keeping the Court informed where notices, pleadings or other papers may be served upon him" and the requirement in D.C.COLO.LCivR 5.1(c) that an unrepresented party file a notice of any change of name, mailing address, or telephone number with the Court not later than five days after the change, Plaintiff has not filed anything with the Court identifying where he should be served.

The Court convened the Discovery Hearing on July 9, 2019, but Plaintiff did not appear. [#28] On July 10, 2019, this Court entered an Order to Show Cause pursuant to D.C.COLO.LCivR 41.1, directing Plaintiff to show cause, if any there be, in writing on or before August 9, 2019, why this case should not be dismissed for (1) failure to prosecute, (2) failure to participate in the discovery process and, in particular, to comply with this Court's Order that Plaintiff supplement his initial disclosures by May 6, 2019 [#12], (3) failure to provide an updated address pursuant to D.C.COLO.LCivR 5.1(c), and (4) failure to attend the June 6, 2019 Motion Hearing and the July 9, 2019 Discovery Hearing. [#29]

Plaintiff was specifically advised that failure to comply with that Order and timely show cause on or before August 9, 2019 would result in an Order of dismissal of this action. [*Id.*]

Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts [as here] to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure or court's orders." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007) (alterations in original) (quotation omitted). In considering dismissal under Rule 41(b), courts in the Tenth Circuit have weighed the following five factors, initially set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992): (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *See Quarrie v. N.M. Inst. of Mining & Tech.*, 621 F. App'x 928, 931 (10th Cir. 2015). Weighing these factors, the Court easily concludes that this case should be dismissed.

First, Defendant has suffered actual prejudice because of Plaintiff's failures to comply with the Court's rules and orders. In addition to failing to update the Court with his address [##22-26], Plaintiff also failed to serve Defendant with initial disclosures as ordered by the Court [#12]. Plaintiff thus has prejudiced Defendant by failing to provide Defendant necessary information about his claims and participate in the discovery

4

process and thereby interfered with Defendant's ability to defend this lawsuit. As a result, Defendant continues to experience delay and uncertainty in the resolution of the claims against it.

Second, the amount of interference with the judicial process is significant as the Court is unable to communicate with Plaintiff or convene hearings because of Plaintiff's failure to provide a valid address. Third, Plaintiff is solely responsible for his failure to update his address and participate in discovery.

Fourth, the Court previously warned Plaintiff that his failure to comply with the Court's Order to Show Cause and timely show cause on or before August 9, 2019 would result in an Order of dismissal of this action. [#29] Finally, there does not appear to be any lesser sanction that would be effective as neither defense counsel nor the Court has been able to elicit any response from Plaintiff in over two months and neither has any means of contacting Plaintiff.

Accordingly, it is **ORDERED** that this action is **DISMISSED.**

DATED: August 21, 2019         BY THE COURT:

                               s/Scott T. Varholak
                               United States Magistrate Judge